UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SYNGENTA CROP PROTECTION LLC,

                                      Plaintiff,

                    v.

DR. EARL RAY DORSEY,

                                      Defendants.
_____

<u>DECISION AND ORDER</u>

23-MC-6019DGL

## BACKGROUND

This case was initiated in this Court by Syngenta Crop Protection LLC ("Syngenta") on August 14, 2023, by motion to compel compliance with a third-party subpoena issued to Dr. Earl Ray Dorsey from the District Court for the Southern District of Illinois in connection with multidistrict litigation ("MDL") in that court, *In re Paraquat Product Liability Litigation.* That case began in June 2021 pursuant to a transfer order from the Judicial Panel on MDL. (S.D.Ill. 21-md-3004, Dkt. #1.) The order related to cases from districts around the country in which the plaintiffs alleged various injuries related to exposure to the pesticide paraquat.

Dorsey is a neurologist at the University of Rochester and is the co-author, with Dr. Amit Ray, of an article asserting that paraquat causes Parkinson's disease. Syngenta asserts that the MDL plaintiffs may have been involved in or influenced the content and publication of the article so that they could use it in the MDL. Through the subpoena, Syngenta seeks documents relating to the article, such as prior drafts and communications between Dorsey and third parties

concerning the article.  Syngenta claims that the documents sought are relevant to Dorsey's motivations in writing the article, and the scientific validity of his conclusions.  According to Syngenta, Dorsey has refused to turn over any documents or otherwise comply with the subpoena.  In the alternative to an order enforcing the subpoena, Syngenta asks that this Court transfer the motion to compel to the MDL court in Illinois.

Dorsey has filed a response to Syngenta's motion opposing the motion, and moves for an order quashing the subpoena in its entirety.  Dorsey also opposes Syngenta's alternative request that the motion be transferred to the MDL court.  Both parties have filed replies in further support of their respective motions.

## DISCUSSION

Although the parties' motion papers focus principally on the merits of their respective motions to enforce and to quash the subpoena, after considering their arguments and the relevant case law and procedural rules, I conclude that the motions should be transferred to the issuing court, *i.e.*, the MDL court in the Southern District of Illinois.

Rule 45(f) of the Federal Rules of Civil Procedure provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a [subpoena-related] motion ... to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  "[T]he proponent of transfer bears the burden of showing that such [exceptional] circumstances are present."  Committee Notes to Rule 45.[1]

---

[1] The rule further provides that "[t]o enforce its order, the issuing court may transfer the order to the court where the motion was made."  Fed. R. Civ. P. 45(f).

The issuing court's presumably greater familiarity with the litigation is not *in itself* an "exceptional circumstance." *See Drummond Co., Inc. v. VICE Media LLC*, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022); Committee Notes ("it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions"). But the inquiry does not end there. The court must also consider the nature and status of the litigation in the issuing court.

Courts in this circuit have transferred similar motions because of "the posture and complexity of the underlying rulings, ... to avoid unnecessary delay[,] ... where the judge in the underlying case has already been managing discovery, and where that judge has more knowledge of that case that would help resolve the issues." *Honeywell Int'l Inc. v. Mazars USA LLP*, 2022 WL 94881, at *1 (S.D.N.Y. Jan. 10, 2022) (collecting cases). This is especially so in MDL cases. The fact that the issuing court is overseeing multidistrict litigation is typically considered an exceptional circumstance warranting transfer, since such litigation is by its nature typically complex. Numerous cases so hold.

"Courts have deemed the fact that a subpoena was issued in an MDL litigation to be an 'exceptional circumstance' that weighs strongly in favor of transfer to the court that issued the subpoena under Rule 45(f)." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 2020 WL 9065791, at *1 (S.D.N.Y. May 8, 2020). As one district court put it:

> the MDL status of the underlying litigation is surely an "exceptional circumstance" that weighs strongly in favor of transfer to the Issuing Court under Rule 45(f), because the same concerns about orderliness and disruption that led to the consolidation of actions as an MDL in the first place arise with respect to pretrial disputes regarding subpoenas issued in the context of that complex litigation.

*In re Disposable Contact Lens Antitrust Litig.*, 306 F.Supp.3d 372, 378 (D.D.C. 2017). *See also In re Nat'l Prescription Opiate Litig.*, 2023 WL 5659047, at *2 (W.D.Tex. Aug. 30, 2023) ("This

Court ... finds that the complex MDL status of the underlying litigation is an exceptional circumstance weighing strongly in favor of transfer"); *In re Pork Antitrust Litig.*, No. 22-mc-25, 2022 WL 1156726, at *2 (S.D.Ind. Apr. 19, 2022) ("the MDL proceedings in Minnesota would be significantly disrupted if the subpoena is adjudicated in the Southern District of Indiana. Adjudicating the subpoena in Indiana risks inconsistency in rulings and threatens the cohesiveness achieved by the District of Minnesota" in the MDL).

The Committee Notes to Rule 45 also state that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, ... if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Regarding transfer, then, the focus is not on the burden that would be imposed on the nonparty by compliance with the subpoena, but on the nonparty's interest in having the motion to compel decided in his home district.

Here, the MDL appears to comprise hundreds of individual cases. The case was opened pursuant to an order from the MDL panel on June 8, 2021. As of Sept. 21, 2023, there were 4821 docket entries on the docket sheet. There has been extensive discovery, a *Daubert* hearing, and numerous case management orders. A trial date had been set for October 2023, but was canceled on August 24, 2023.

Dorsey has objected to the subpoena claiming, in part, that discovery has concluded in the MDL case, that the material and documents are irrelevant, and that compliance would be a burden. The MDL court is clearly in the best position to rule on such objections in light of that court's familiarity with all related proceedings. That court is in the best position to determine whether this subpoena against Dorsey should be enforced or not. For this Court to decide the

motion faces the possibility that this Court's ruling might interfere with the orderly management of that extraordinarily complex litigation.

The interests of avoiding such disruption also outweigh Dr. Dorsey's relatively modest interest in having Syngenta's motion to compel and his motion to quash decided by this Court rather than by the MDL court.

## CONCLUSION

Plaintiff's motion to compel or in the alternative to transfer (Dkt. #1) is granted in part; plaintiff's motion to compel (Dkt. #1) and defendant's cross-motion to quash (Dkt. #19) are transferred to the United States District Court for the Southern District of Illinois. Upon transfer, the Clerk of Court is directed to close this case. The Clerk is directed to convert the case and assign it a civil case number for statistical purposes.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 25, 2023.